**AFFIRM; and Opinion Filed June 21, 2016.**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

No. 05-15-00403-CR

No. 05-15-00404-CR

No. 05-15-00405-CR

**VINCENT DEWAYNE JOHNSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F-13-60209-P, F-13-60595-P, F-13-60931-P**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Brown and Schenck
Opinion by Justice Schenck

Appellant Vincent Dewayne Johnson appeals his convictions on three counts of aggravated sexual assault of his minor daughters. Appellant accepted a plea bargain of three concurrent 20-year sentences after learning the prosecution intended to present evidence of his sexual abuse of other children and that the State could still prosecute him for these other offenses. In a single issue, appellant argues the trial court failed to admonish him on the applicable range of punishment prior to accepting his guilty plea in violation of article 26.13 of the code of criminal procedure. We overrule appellant's issue and affirm the trial court's judgments. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

Appellant was charged in three separate indictments with three aggravated sexual assaults of a child. After appellant was indicted, the State filed written notices of its intent to enhance each of appellant's cases with two prior felony convictions.

At the admonishment hearing, the trial court informed appellant that he was charged in each of the three indictments with aggravated sexual assault of a child fourteen years of age or younger, that the charged offenses are first-degree felony offenses, and that the range of punishment "is anywhere from 25 to life" in each case. When asked if he understood the offenses charged and the applicable range of punishment, appellant answered, "Yes, that's correct."

The court also advised appellant that he had a right to a jury trial and a right to a plea bargain and relayed that the State was willing to drop an enhancement paragraph and offer 20 years to run concurrently on each of the three cases. Appellant declined the State's offer and confirmed his desire to go to trial. At this point the prosecutor disclosed that the State had discovered two other victims of appellant's abuse, namely two of his other biological children, who were willing to testify against appellant. With this disclosure, and confirmation that the State could still charge appellant for these other offenses, appellant said he would "take the 20 and not waive [his] right to an appeal."

At this point, the trial court again reminded appellant of the charged offenses and admonished appellant that the range of punishment after striking an enhancement paragraph is 15 to 99 years or life. Appellant acknowledged that he understood the punishment range. Appellant then judicially confessed and freely and voluntarily pleaded guilty to the charged offenses and pleaded true to having been previously convicted of the third-degree felony offense of possession

of a firearm by a felon. The court accepted the pleas and assessed punishment at 20 year's confinement in each case.

## DISCUSSION

On appeal, appellant argues the trial court failed to comply with article 26.13 of the code of criminal procedure because it failed to admonish him on the applicable punishment range. TEX. CODE CRIM. PROC. ANN. art. 26.13 (West Supp. 2015). Article 26.13 requires the court to admonish the defendant of the range of the punishment attached to the offense prior to accepting a plea of guilty. *Id.* The applicable punishment range for a first-degree felony offense enhanced by two prior felony conviction is imprisonment for "life, or for any term of not more than 99 years or less than 25 years." TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2015). The applicable punishment range for a first-degree felony offense enhanced by one prior felony conviction is imprisonment for life, or for any term of not more than 99 years or less than 15 years. *Id.* § 12.42(c)(1).

Appellant's three first-degree felony offenses of aggravated sexual assault of a child under fourteen years of age were each initially enhanced by two prior felony convictions. As part of a plea agreement, the State offered to strike *one* of the two enhancement allegations in each of appellant's three cases. The trial court admonished appellant, "[a]nd the range of punishment on each one of these cases - - since I am going to at this time grant the State's motion in each individual case to strike a paragraph - - remains at 15 to 99 years or life." Because the punishment range for a first-degree felony offense enhanced by a single prior felony conviction is imprisonment for life, "or a term of not more than 99 years or less than 15 years," the trial court properly admonished appellant on the applicable range of punishment. *Id.* Where, as in this case, the trial court properly admonished appellant on the applicable range of punishment, there is no error. Accordingly, we overrule appellant's sole issue.

**CONCLUSION**

We affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47

150403F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

VINCENT DEWAYNE JOHNSON, Appellant

No. 05-15-00403-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-13-60209-P.
Opinion delivered by Justice Schenck.
Justices Lang-Miers and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 21st day of June, 2016.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

VINCENT DEWAYNE JOHNSON,
Appellant

No. 05-15-00404-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-13-60595-P.
Opinion delivered by Justice Schenck.
Justices Lang-Miers and Brown
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 21st day of June, 2016.



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

VINCENT DEWAYNE JOHNSON,
Appellant

No. 05-15-00405-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-13-60931-P.
Opinion delivered by Justice Schenck.
Justices Lang-Miers and  Brown
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 21st day of June, 2016.